**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICROSOFT CORPORATION,**

        **Plaintiff,**

**-vs-**                                    **Case No.  6:06-cv-1405-Orl-19JGG**

**SILVER EAGLE COMPUTERS, INC.,**
**RICHARD GALLOWAY,**

        **Defendants.**

## **ORDER**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST SILVER EAGLE COMPUTERS, INC. (Doc. No. 14)** |
| **FILED:** | **November 16, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST RICHARD GALLOWAY (Doc. No. 16)** |
| **FILED:** | **November 16, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

On September 15, 2006, Plaintiff Microsoft Corporation ["Microsoft"] filed a complaint in this action, seeking damages and injunctive relief against Defendants Silver Eagle Computers, Inc. ["Silver

Eagle"] and Richard Galloway ["Galloway"] for copyright and trademark infringement. Docket No. 1. Defendants have not answered or responded to the complaint, and have not otherwise appeared in this action. Microsoft now moves for entry of Clerk's default against both Defendants.

**I.      THE LAW**

    **A.      Service of Process on a Corporation**

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: 1.) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or 2.) in the manner prescribed by Rule 4(e)(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Service, therefore, may also be made in accordance with Florida law, where the district court is located. Florida law provides that process against any private corporation may be served upon the registered agent (Fla. Stat. § 48.091) or by service:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081. For service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the "statutorily prescribed superior classes of persons who may be served." *Saridis v. Vista St. Lucie Ass'n, Inc.*, 804 So.2d 372, 373 (Fla. App. 4 Dist., 2001).

**B. Service of Process on an Individual**

Rules 4(d) and (e) of the Federal Rules of Civil Procedure provide that service of process of the summons and complaint may be made: 1.) by mailing a copy of the summons and complaint to the individual defendant with a notice and request for waiver; 2.) pursuant to state law in which the district court is located or in which service is effected; 3.) by delivering a copy of the summons and complaint to the individual defendant personally; 4.) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or 5.) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Florida law provides that individuals may be served by delivering a copy of the summons and complaint: 1.) to the person named; 2.) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; 3.) on the spouse; 4.) or on an authorized agent. Fla. Stat. §§ 48.031, 48.151. Strict compliance with the statute is required for substitute service. *See Hovarth v. Aetna Life Ins. Co.,* 634 So. 2d 240 (Fla. App. 1994). A defendant's "refusal to open the door does not invalidate plaintiff's service. Personal service need not be face to face or hand to hand." *Villanova v. Solow*, No. Civ. A. 97-6684, 1998 WL 643686, at *2 (E.D.Pa. Sept.18, 1998) (deciding that personal service was effective where the defendant refused

to open the door of his dwelling and the process server put the papers through the mail slot in the front door); *see also Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C. Cir.1983) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person.").

## II.     ANALYSIS

### A.     Silver Eagle

Microsoft first seeks entry of Clerk's default against Silver Eagle. Docket No. 14. In support of its request for default against "dissolved Florida corporation" Silver Eagle (*see* Docket No. 14 at 1), Microsoft states that it served "the Complaint on Silver Eagle" on September 15, 2006 (*id.*), and filed a Return of Service in which the process server states that he served the summons and complaint "personally upon the defendant" at 4940 Old Winter Garden Rd., Suite B, Orlando, Florida 32818 (Docket No. 14-2 at 2). The process server lists the date of service as September 18, 2006, and he signed the Return of Service on October 16, 2006. *Id.* The Summons issued to Silver Eagle is addressed to "Silver Eagle Computers, Inc. c/o Registered Agent 6744 Rubens Court Orlando, FL 32818." *Id.* at 1. Microsoft further submitted an affidavit in which counsel for Microsoft states that "Defendant Silver Eagle was served with the Summons and Complaint at its place of business at 4940 Old Winter Garden Road, Suite B, Orlando, Florida." Docket No. 15 at 2.

Microsoft has not adequately shown that it served Silver Eagle. The Return of Service claims that an unidentified "defendant" was served, but fails to state which individual was served. Further, Microsoft lists inconsistent dates of service on Silver Eagle. Microsoft's motion for entry of Clerk's default against Silver Eagle [Docket No. 14] is therefore **DENIED** without prejudice.

**B.     Richard Galloway**

In support of its request for default against Galloway, Microsoft states that it served "the Complaint on Galloway" on September 23, 2006 (Docket No. 16 at 1), and filed a Return of Service in which the process server states that he served the summons and complaint "personally on the third-party defendant" at "6744 Rubens Court Orlando, FL 32818" (Docket No. 16-2 at 2). Next to the address, the process server wrote, "Direct – Drop Service – Defendant refused to take possession." Docket No. 16-2 at 2. In an affidavit in support of the motion for default, counsel for Microsoft states that "Defendant Galloway was served with the Summons and Complaint on September 23, 2006 at his residence located at 6744 Rubens Court, Orlando, Florida." Docket No. 17 at 4.

Microsoft has also failed to demonstrate effective service on Galloway. In the Return of Service, the process server states that he personally served a "third-party defendant," but fails to state that this unidentified "third-party defendant" is Galloway (or a person of suitable age pursuant to the Florida statute). Further, the process server's general statement that the Defendant refused service is not sufficient to show that service was effected against Galloway. Accordingly, Microsoft's motion for entry of Clerk's default against Galloway [Docket No. 16] is also **DENIED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on November 22, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties